**1616 Building Corporation, an Illinois Corporation, Plaintiff-Appellee, v. Adolph A. Rubinson, Defendant-Appellant.**

**Gen. No. 49,830.**

First District, Fourth Division.

September 24, 1965.

Adolph Allen Rubinson & Associates, of Chicago (Norman Hanfling, of counsel), for appellant.

Emmet J. Cleary, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

On December 26, 1963 plaintiff filed this forcible detainer action before a Justice of the Peace of New Trier Township (Cook County). Summons, which was duly served on defendant, was returnable January 2, 1964. After hearings on various preliminary questions raised by defendant, the case was heard on its merits on May 8, 1964, and a judgment restoring plaintiff to possession was entered that day by a Magistrate of District 2 of the Municipal Department, Circuit Court of Cook County. Defendant has appealed from this judgment.

By a careful reading of defendant's brief, reply brief, and abstract of record, and by cutting through a mass of obfuscatory, dilatory arguments which border on the contumacious, we ascertain defendant's contentions to be:

The Justice of the Peace courts were abolished by amendment of the constitution, effective January 1, 1964.

Thereafter, throughout the pendency and trial of this case, and at the time of entry of the judgment, there was no duly constituted successor court with authority to determine the case.

No rules or orders had been published by any purported successor court relating to the docketing of cases, their assignment or trial.

The Presiding Judge of District 2 of the Municipal Department, Circuit Court of Cook County had no authority to transfer this case from one magistrate to another for trial.

The proceedings were, therefore, a nullity, and the judgment void.

Essentially the same points were raised by defendant in the trial court. They are baselessly pejorative of the work product of the countless hours devoted by the legislature and its committees, the several bar committees and advisory councils, and the courts themselves, in anticipatory implementation of the constitutional amendment for the purpose of activating and lubricating the transition to the reformed court system on January 1, 1964.

It is true, of course, that the Justice of the Peace courts were abolished at the effective date of the constitutional amendment, as set forth in Paragraph 5(a) of the Schedule to Article VI. The very same paragraph of the Schedule, however, provides that "all their jurisdiction, judicial functions, powers and duties are transferred to the respective circuit courts, . . . ." And further:

(c) Each court into which jurisdiction of other courts is transferred shall succeed to and assume jurisdiction of all causes, matters and proceedings

116

then pending, with full power and authority to dispose of them and to carry into execution or otherwise to give effect to all orders, judgments and decrees theretofore entered by the predecessor courts.

(d) The files, books, papers, records, documents, moneys, securities, and other property in the possession, custody or under the control of the courts hereby abolished, or any officer thereof, are transferred to the Circuit Court; and thereafter all proceedings in all courts shall be matters of record.

Paragraph 2 of the Schedule also directs that:

Except to the extent inconsistent with the provisions of this Article, all provisions of law and rules of court in force on the Effective Date of this Article shall continue in effect until superseded in a manner authorized by the Constitution.

■ Consistent therewith, the Circuit Court of Cook County adopted certain new Rules and General Orders on January 2, 1964, effective that date, to be used in conjunction with the Uniform Rules for Circuit Courts in Illinois. We believe these Rules and Orders to have been adequately published at that time. While defendant disputes this proposition, he is forced to concede that they were given wide discretion through publication in the Chicago Law Bulletin a few days later, and long prior to any of the significant dates in the hearing of this case.

Included in those Rules and Orders are the following provisions:

Rule 0.1 Rules of Court.

(a) *Uniform rules.* The Uniform Rules of Practice of the former Circuit and Superior Courts of Cook County, Illinois, are adopted as rules of the Circuit Court of Cook County.

117

(b) *Existing rules preserved.* The rules of court, general orders of court, and procedures in force on December 31, 1963, in the several courts of and in Cook County and not repealed or superseded by or inconsistent with any provision of the Constitution, statute, rule of court, or general order of the Chief Judge, shall continue in effect on and after January 1, 1964, until repealed, amended, or superseded in accordance with the law.

General Order No. 1

### 1–2. Municipal Department

The Municipal Department is divided into six districts:

. . . . . .

DISTRICT 2—

The townships of Evanston, . . . New Trier . . . .

. . . . . .

CIVIL ACTIONS HEARD

(Among the types and classes of cases designated to be heard by the Municipal Department are "actions of forcible entry and detainer.")

### 1–3. Transfer or Assignment

ASSIGNMENT OF ACTIONS

> Any action may be assigned to any Judge, Associate Judge, or Magistrate of the Circuit Court of Cook County for hearing or trial, regardless of the department, division or district in which the case was filed or to which the judge is regularly assigned. Any action or proceeding may be heard or tried in any courtroom in the Circuit Court of Cook County, regardless of

the department, district or division in which the case was filed or for which the courtroom is regularly used.

General Order No. 1–4

(New civil actions in District 2 of the Municipal Department are directed to be filed in the office of the Clerk of the Court at 1454 Elmwood Street, Evanston.)

General Order No. 6

(Provides a system for the captioning and numbering of cases thereafter filed.) It also states:

6–1 (b) *Pending Actions*— In actions pending on Dec. 31, 1963, pleadings, motions, orders, court forms and other papers filed on and after Jan. 1, 1964, should be captioned as provided in section (a) of this order, but shall be valid if entitled in the name of the court in which the action was filed prior to Jan. 1, 1964.

. . . . . .

6–2 (b) *Pending Actions*—Each action pending on Dec. 31, 1963, in any court in or for Cook County shall retain the number given in the court in which the action was filed prior to Jan. 1, 1964, and pleadings, orders, judgments and other papers subsequently filed shall bear the number so given.

General Order No. 10

(Directs that the Presiding Judge of each District of the Circuit Court may assign to Magistrates within his District certain listed types of proceedings including proceedings in forcible entry and detainer.)

Further implementing the new constitutional provisions, the Circuit Court of Cook County also adopted

certain Special Orders on January 2, 1964. These included:

Special Order No. 4–1–1

Actions and proceedings filed in the former courts of original jurisdiction in Cook County and pending therein at the close of court on Dec. 31, 1963, are transferred to the Circuit Court of Cook County and assigned as follows, and that subsequent filings in these actions be made at the following offices of the Clerk:

1.　Transfer of Pending Actions.

. . . . . .

(i)　*Other Courts*—Actions and proceedings, civil or criminal, pending in any court outside the territorial limits of the City of Chicago and not transferred by sections (b) or (c) [Chancery and Divorce] of this order are transferred to the respective District of the Municipal Department which includes the territorial limits of the city, village, incorporated town, township, or other municipal corporation in which the court was established.

2.　Subsequent Filing in Pending Actions.

(a)　*Actions not in Former Circuit and Superior Courts*—In actions and proceedings filed on or before Dec. 31, 1963, in any court of original jurisdiction in and for Cook County, except the former Circuit Court of Cook County and the Superior Court of Cook County, pleadings, motions and other papers filed on and after Jan. 1, 1964, shall be filed in the office of the Clerk of Court for the department, division, or district to which the action is transferred, as specified in General Order No. 1–4.

. . . . . .

Special Order No. 4–1–4

(Assigns Associate Judges and Magistrates to the various Districts of the Municipal Department commencing January 2, 1964. Among the assignments to District 2 were the Associate Judge and all three Magistrates who entered orders in the instant case.)

■ We should think that the Circuit Court and its Chief Judge would have the inherent power to adopt the above Rules and Orders. However, if additional authority is needed, it is to be found in the Civil Practice Act, Section 2 (Power of courts to make rules). Ill Rev Stats (1963), ch 110, §§ 1 and 2. See also article VI, § 8 of the Constitution and Supreme Court Rule 1. ch 110, § 101.1.

Designation of the places of holding court in District 2 of the Municipal Department was also given wide publicity on December 19, 1963 in the Chicago Tribune, the metropolitan daily newspaper of largest circulation. Other publications followed in the Chicago Daily Law Bulletin, and in community newspapers published in the areas concerned with this case (Evanston, Skokie and Winnetka). Some of these were at later dates, but long before the trial of the instant case. It may be noted that defendant was personally present in court at all proceedings in the case, including the trial.

■ We believe that the foregoing furnishes a complete refutation of defendant's contentions and requires no further comment.

The notice of appeal and defendant's briefs also purport to appeal from alleged error in the entry of an order on May 8, 1964 denying a motion of defendant to consolidate this case with a combination equity and law action previously filed by defendant in the Circuit Court.* The

---

* This motion was made before a Magistrate of District 2 of the Municipal Department. It may be noted in passing that Circuit Court General Order No. 12 requires that such a motion be made before the Assignment Judge of the Law Division, County Department.

■■■■■■■■■

record contains no such order. Consequently, that part of this appeal will be considered a nullity.

The judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.