JOLANTA HORZELY, Plaintiff-Appellee, *v.* EDWARD G. HORZELY, Defendant-Appellant.

First District (4th Division)    Nos. 62608, 63006, 76-303 cons.

Opinion filed April 7, 1977.—Rehearing denied April 21, 1977.

Andrew J. Flando, Jr., and William A. Cain, both of Chicago, for appellant.

Irving Goodman and Louis Z. Grant, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. Plaintiff-appellee was granted a divorce from her husband on the grounds of mental cruelty. The defendant was ordered to give the plaintiff $135,000 alimony in gross, and to pay certain attorney's fees. Defendant appeals from these orders.

The issues presented for review are (1) whether the findings and judgment of the trial court are against the manifest weight of the evidence; (2) whether the trial court erred in its award of alimony to the plaintiff; (3) whether the trial court erred in its award of attorney's fees to Mr. Grant without a hearing; and (4) whether the trial court erred in its award of fees to Rinella and Rinella.

The facts of the case are, Jolanta Horzely married Edward Horzely on May 19, 1956, in Chicago, Illinois. The plaintiff was 21 years of age and the defendant was 41 years of age. There were two children born of this union, a son now 19 years old and a daughter now 17 years old. Mrs. Horzely was a Hungarian immigrant and her husband was engaged in manufacturing and selling insecticides. Mr. Horzely owned a home and some land in Arlington Heights, Illinois, prior to the marriage, as well as a vacation cottage in Wisconsin. In 1973 Mrs. Horzely filed a complaint for divorce in the circuit court of Cook County, alleging extreme and repeated mental cruelty. Mr. Horzely filed an answer and a countercomplaint alleging extreme and repeated mental cruelty as well as constructive desertion. A bench trial was commenced in June of 1975 and a final decree was entered in August of 1975. The decree provided there be alimony in gross of $135,000 with periodic payments for some months until the full amount was paid. Also, the defendant was ordered to pay certain attorney's fees, both for trial counsel and previous counsel. There was also child support ordered for the child who was left in the custody of the mother.

■■ There is a transcript of some 676 pages from the trial of this case and we have exhaustively reviewed it. It is clear to us the trial judge was correct in his assessment the marriage was certainly dead, and counsel on appeal have confirmed that on their appearance at oral argument. However, that alone is not enough in Illinois to be grounds for a divorce decree. It is necessary the allegations in the complaint be proven to be sufficient to sustain a decree under the statutes. We do not feel after reviewing the record the plaintiff has met the statutory burden. As this court said in *Gregory v. Gregory* (1974), 24 Ill. App. 3d 436: "Our legislature has the sole power to determine what causes, if any, must be established in order for one of the State's residents to be entitled to a divorce. While other jurisdictions in recent years have recognized the countervailing consideration that much harm may result from a denial of a divorce where the marriage has ended in fact (24 Am. Jur. 2d *Divorce and Separation* § 9), the public policy of our State is to preserve the marriage. (*Stanard v. Stanard*, 108 Ill. App. 2d 240, 249 (1969).) The law in Illinois remains that a marriage should not be lightly terminated. A plaintiff is required to prove a statutory cause for divorce by competent evidence, even though the court might conclude the marriage to be dead.

*McGowan v. McGowan,* 15 Ill. App. 3d 913, 915 (1973)." (24 Ill. App. 3d 436, 440.) Here, the plaintiff testified many times during the trial that the actions of the defendant had left her depressed at various times during the marriage. This alone does not fulfill the burden of proof for extreme and repeated mental cruelty. It is not uncommon for people to become depressed at one point or another in their lives. Indeed, it is all too common in the rush of everyday life, but this is not what the legislature requires for extreme and repeated mental cruelty. The plaintiff has utterly failed to meet the burden of proof in order to have a divorce decree entered in her favor. The decree entered by the trial court is reversed by reason of being against the manifest weight of the evidence, and will have to be remanded.

■■ Because of the remand we think it advisable to consider the other questions. We turn now to the award of alimony in gross to the plaintiff. The only evidence adduced at trial as to the real estate in Arlington Heights was the testimony of one person who admitted she had not sold any property in that area. She also admitted she was not by profession a real estate appraiser and she had not even heard of any of the professional organizations and societies to which qualified appraisers belong. It is our opinion the value of the Arlington Heights property set by the trial judge was arbitrary and capricious, and there should be a hearing with some qualified appraiser or appraisers who have knowledge of the area and the property before there is any determination of the value of the property by the court.

■■ There was no independent testimony as to the value of the vacation cottage in Wisconsin. The only discussion of the value in the record is the husband's statement of what he paid for it some years before the marriage. We cannot agree with the trial judge that the value was $10,000, or that it should be awarded to the wife. There is no evidence in the record to support that valuation. There must be some evidence to show that the conveyance of real property is equitable. (*Everett v. Everett* (1962), 25 Ill. 2d 342.) As with the property in Arlington Heights, we feel there must be some expert opinion in order to support the decision of the trial court.

■■ In the matter of the cash award to the plaintiff which the trial judge based on his interpretation of the auditor's report on the value of the defendant's business, it is our opinion there was insufficient evidence for the trial judge to make an award. The auditor was very unclear and hesitant in his testimony. It appears he was very cursory about his examination of the records of the corporation, and his testimony is replete with "I don't know," "It's hard to tell," "It might be." We do not feel this is an adequate basis for any award of any amount. There should be a full and complete hearing before any amount is granted. Furthermore, as this

court said in *Seniuta v. Seniuta* (1975), 31 Ill. App. 3d 408, 422: " * * * periodic payments of alimony are preferable to awards in gross. (*Schwarz v. Schwarz*, 27 Ill. 2d 140 * * *.) It * * * is proper only where the record shows that an order for periodic payment of money is not feasible. (*Dmitroca v. Dmitroca*, 79 Ill. App. 2d 220 * * *.)" There is no such showing in the record here. Here the defendant continued to pay for the plaintiff's food, clothing, shelter, medical expenses, etc., through the entire time the divorce was pending and plaintiff made no showing the award in gross was necessary.

■■■ The award of fees to Mr. Grant was improper. The defendant requested a hearing and was entitled to a full hearing before such an award was made. There is no evidence in the record as to the effort Mr. Grant put in beyond trying the case after he entered the case. We find there were various counsel at various times involved in this case and the trial court should have made some determination of exactly who did what before awarding fees. In *Murphy v. Murphy* (1975), 31 Ill. App. 3d 321, 341, this court said: "The law in this State is that the granting of attorney's fees is improper where no evidence is heard as to the items of service which were performed, or as to the basis of the amount requested or that such fees were reasonable for such services. (*Jones v. Jones*, 48 Ill. App. 2d 232 * * *; *Dejoie v. Dejoie*, 6 Ill. App. 3d 381 * * *.)" There is no evidence in the instant case and no hearing was held. Therefore, the award of fees is reversed and remanded for further proceedings.

In the award of fees to Rinella and Rinella, there was a hearing to establish the value of services. However, that award must also fall with the decree, and a new hearing shall be held.

By reason of the multiplicity of errors contained therein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded for further proceedings not inconsistent with this opinion.

JOHNSON and ROMITI, JJ., concur.