JOLANTA HORZELY, Plaintiff-Appellee, *v.* EDWARD G. HORZELY, Defendant-Appellant.

First District (2nd Division)   No. 77-1095

Opinion filed April 17, 1979.

Pavia & Flando, of Skokie (William A. Cain, of counsel), for appellant.

Irving Goodman and Louis Z. Grant, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

After a judgment for divorce was entered and defendant filed an appeal and posted a supersedeas bond, the trial court entered two post-decree orders and an order finding defendant in contempt for failure to comply with the post-decree orders. Defendant appeals from the contempt order presenting the following issues for review: (1) whether a jurisdictional defect in entry of an order may be raised in the appeal of an order holding defendant in contempt for failure to comply with the court's order; and (2) whether the trial court had authority to order payment of a child's college expenses and of temporary alimony pending appeal after a notice of appeal and supersedeas bond were filed in the appellate court.

We affirm in part and reverse in part.

On August 18, 1975, a judgment for divorce was entered in favor of plaintiff, Jolanta Horzely, against defendant, Edward G. Horzely. Defendant appealed the judgment, filed a supersedeas bond, and on October 9, 1975, the appellate court stayed enforcement of the judgment for divorce.

■■ On January 7, 1977, plaintiff filed a petition in the trial court requesting that defendant be ordered to pay the college expenses of the parties' son. In the petition plaintiff alleged that the judgment for divorce was in full force and effect, that said judgment provided that defendant would pay for the college education of the son, that the son was admitted to college and unless defendant paid the tuition the son would be deprived of the education he was entitled to under the judgment of divorce. Defendant filed a motion to dismiss the petition, alleging that the trial court was divested of jurisdiction in the matter because a notice of appeal was filed and the appellate court suspended enforcement of the judgment. On January 11, 1977, the trial court denied defendant's motion to dismiss and ordered defendant to pay the sum of $1488 within five days to plaintiff to be used only for the college expenses of the son. Defendant appealed the order; however, the appeal was dismissed on May 18, 1977,

pursuant to Supreme Court Rule 309 (Ill. Rev. Stat. 1975, ch. 110A, par. 309) because defendant failed to file a record in the reviewing court.[1]

On April 7, 1977, the appellate court reversed the judgment of divorce entered August 18, 1975, and remanded the cause, finding that the judgment was against the manifest weight of the evidence. (*Horzely v. Horzely* (1st Dist. 1977), 47 Ill. App. 3d 793, 365 N.E.2d 412, *appeal denied* (1977), 66 Ill. 2d 630.) On April 21, 1977, the appellate court denied plaintiff's petition for rehearing but stayed the appellate court mandate pending appeal to the supreme court.

On April 11, 1977, plaintiff filed a petition for a rule to show cause against defendant, alleging that on December 23, 1975, the court ordered defendant to pay to plaintiff alimony in the amount of $1050 per month during pendency of the appeal, that the parties agreed to the sum of $750 per month during pendency of the appeal, that defendant complied until March 1977 but thereafter refused to comply. Plaintiff requested the court to order defendant to comply or to hold defendant in contempt for failure to comply.

On May 5, 1977, plaintiff filed a petition for a rule to show cause against defendant for failure to comply with the order of January 11, 1977. Plaintiff alleged that defendant failed to pay to plaintiff the sum of $1488 for the college expenses of the parties' son in compliance with the court's order of January 11, 1977.

On May 23, 1977, the trial court ordered defendant to comply with the order of January 11, 1977, and to pay to plaintiff the sum of $1488. The court further ordered defendant to pay to plaintiff $750 per month temporary alimony pending appeal and to pay the arrears of $2250 for the months of March, April and May 1977. The court ordered that a rule to show cause be entered against defendant and that a body attachment be issued if defendant failed to comply within five days.

On May 25, 1977, defendant filed a notice of appeal from the orders of May 18, 1977, and May 23, 1977. Defendant filed an appeal bond on May 27, 1977, and the orders were stayed pending appeal. On September 30, 1977, the supreme court denied plaintiff's petition for leave to appeal the appellate court's reversal of the judgment for divorce. 66 Ill. 2d 630.

---

[1] Defendant's notice of appeal to this court included the orders of May 18, 1977, and May 23, 1977. However, the order of May 18, 1977, is not included in the record as required by Supreme Court Rule 321 (Ill. Rev. Stat. 1975, ch. 110A, par. 321) and thus the order is not properly before this court for review. (*1616 Building Corp. v. Rubinson* (1st Dist. 1965), 64 Ill. App. 2d 114, 121-22, 212 N.E.2d 338.) We note that at the hearing on plaintiff's petition held on May 20, 1977, defendant's attorney stated that he agreed to dismissal of his appeal of the January 11, 1977, order and that, based on the record before us, we cannot conclude that the trial court erred in entering the order of May 18, 1977.

■■ ■ Defendant contends that the trial court erred in holding him in contempt for failure to comply with the order of January 11, 1977, because the court was without jurisdiction or statutory authority to enter the post-decree order. Plaintiff contends that this court cannot review the order of January 11, 1977, because defendant did not pursue a direct appeal from that order. It is well established that a void order or judgment may be attacked at any time either directly or collaterally. (*Federal Sign & Signal Corp. v. Czubak* (1st Dist. 1978), 57 Ill. App. 3d 176, 372 N.E.2d 965; *Spears v. Spears* (2d Dist. 1977), 52 Ill. App. 3d 695, 367 N.E.2d 1004; *Lebanon Trust & Savings Bank v. Ray* (5th Dist. 1973), 10 Ill. App. 3d 345, 293 N.E.2d 623.) An order or judgment is void where the court lacks jurisdiction of the parties or subject matter or lacks the inherent power to make or enter the particular order. (*Klaisner v. Klaisner* (2d Dist. 1975), 28 Ill. App. 3d 110, 328 N.E.2d 341; *Shady v. Shady* (3d Dist. 1973), 10 Ill. App. 3d 801, 295 N.E.2d 130, *appeal denied* (1973), 54 Ill. 2d 596.) Since the issue presented by defendant concerns a jurisdictional defect, defendant may raise the issue in this appeal. *Shapiro v. Shapiro* (1st Dist. 1969), 113 Ill. App. 2d 374, 252 N.E.2d 93.

Defendant contends that the trial court lacked jurisdiction or statutory authority to enter the post-decree orders of January 11, 1977, and May 23, 1977, because a notice of appeal from the decree and a supersedeas bond were filed and the appellate court stayed the judgment of the trial court pending appeal.

■■■ It is established that once a notice of appeal is filed, the trial court is divested of jurisdiction to enter any order involving a matter of substance, and the jurisdiction of the appellate court attaches instanter. (*Rickard v. Pozdal* (2d Dist. 1975), 31 Ill. App. 3d 542, 334 N.E.2d 288.) The trial court is restrained from entering any order which would modify the judgment or its scope; however, the trial court retains jurisdiction to determine matters arising independent of, and collateral to, the judgment. (*Shapiro v. Shapiro.*) In *Shapiro* the trial court entered two post-decree orders and a rule to show cause why defendant should not be held in contempt after a notice of appeal was filed. The post-decree orders required defendant to pay attorney's fees and arrearages of support payments and ordered the proceeds from the sale of property to be divided. The appellate court held that the trial court had authority to enter the orders because the post-decree orders did not affect the substantive issues on appeal and the court had authority to enforce the decree in the absence of a supersedeas. (113 Ill. App. 2d 374, 383.) In the case at bar a supersedeas was filed, and the judgment of the trial court was stayed pending appeal. Thus, the trial court had no authority to enter an order enforcing the decree. The order of January 11, 1977, which requires defendant to pay the educational expenses of the parties' son and which was based on a provision in the

decree, was entered without authority and is void. It is true that a trial court has "plenary equitable powers authorizing it to make such orders as are necessary for the support of the child." (*Zalduendo v. Zalduendo* (1st Dist. 1977), 45 Ill. App. 3d 849, 859, 360 N.E.2d 386, *appeal denied* (1977), 66 Ill. 2d 628.) However, the liability for support of a child generally continues during minority of the child (*Wilson v. Wilson* (2d Dist. 1970), 122 Ill. App. 2d 142, 257 N.E.2d 810) and ceases upon the child's attainment of the age of 18. (*Munck v. Munck* (1st Dist. 1978), 62 Ill. App. 3d 223, 378 N.E.2d 1252.) It is true that a divorce decree may require a parent to provide for a child's educational expenses beyond the age of majority, and a court will enforce such a provision. (*Sovey v. Sovey* (3d Dist. 1975), 30 Ill. App. 3d 690, 333 N.E.2d 299.) However, in the case at bar the trial court had no authority to enforce the divorce decree after the notice of appeal and supersedeas were filed and the order was void. It has been held that one is justified in refusing to comply with a void order and contempt will not lie for violation of a void order. (*Faris v. Faris* (1966), 35 Ill. 2d 305, 309, 220 N.E.2d 210; *People v. Stinger* (2d Dist. 1974), 22 Ill. App. 3d 371, 374, 317 N.E.2d 340.) Since the order of January 11, 1977, was void, the order holding defendant in contempt for failure to comply must be reversed.

■■ In reference to the order of May 23, 1977, requiring defendant to pay temporary alimony, defendant contends that the order is void since it was entered after the notice of appeal and supersedeas were filed. Plaintiff contends that the trial court had authority to enter such order under section 15 of the Divorce Act. (Ill. Rev. Stat. 1975, ch. 40, par. 16.) Section 15, as it existed prior to October 1, 1976, provided in pertinent part:

> "In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper."

However, this provision of section 15 was deleted by the legislature by Public Act 79-1360, effective October 1, 1976. Thus, after October 1, 1976, the trial court had no authority to require a party to pay temporary alimony pending appeal. However, it appears from plaintiff's petition that an order providing for temporary alimony was entered on December 23, 1975, when the provision of section 15 was in effect. The court in entering its order of May 23, 1977, was merely enforcing its prior, valid order and the parties' agreed modification thereof. The trial court had authority to enter the order notwithstanding the fact that a notice of appeal was filed because the matter of temporary alimony was collateral to the divorce decree and did not substantially affect the appeal. Thus, the order of May 23, 1977, requiring defendant to pay temporary alimony was proper.

Based on the foregoing we affirm that provision of the order of May 23, 1977, requiring defendant to pay temporary alimony to plaintiff, and we reverse that provision of the order holding defendant in contempt for failure to comply with the order of January 11, 1977.

Affirmed in part and reversed in part.

STAMOS, P. J., and DOWNING, J., concur.