JOLANTA HORZELY KUNYIK, Plaintiff-Appellant, v. LOUIS Z. GRANT *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—87—2196

Opinion filed August 25, 1989.

E. Paul Lanphier, Ltd., of Elmhurst, for appellant.

Burton F. Grant, of Chicago, for appellee Louis Z. Grant.

Irving Goodman, of Chicago, appellee *pro se.*

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Jolanta Horzely Kunyik, appeals from a trial court order dismissing, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), her complaint seeking reimbursement of attorney fees she paid to defendants Louis Z. Grant and Irving Goodman, for legal services defendants rendered to plaintiff in a prior dissolution of marriage case. (At oral argument, this court was

advised that appellee Goodman is now deceased.)

In 1973, plaintiff filed a complaint for divorce. The divorce was granted in 1975. Plaintiff's complaint here, filed May 7, 1984, alleges that plaintiff retained defendants to represent her in the dissolution action. Five years earlier, on May 7, 1979, Judge Plusdrak in the dissolution of marriage case had entered an order awarding defendants fees of $17,500 in full payment for 700 hours of work. Plaintiff had already paid defendants a total of $7,600. The judgment of dissolution of marriage entered by Judge Plusdrak stated:

> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
>
> * * *
>
> (F) That each of the parties will pay their respective costs and attorney's fees.
>
> * * *
>
> (K) That the attorney's fees of Louis Z. Grant and Irving Goodman, attorneys for the Petitioner [plaintiff here], are fixed at the sum of SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS ($17,500), representing 700 hours of professional services in this Court, in the Appellate Court of Illinois, First Judicial District, and in the Supreme Court of Illinois; and the Respondent [plaintiff's husband] is directed to deduct the sum of $17,500 from the $92,500 awarded to Petitioner, and to pay the said sum of $17,500 to Louis Z. Grant and Irving Goodman, in full payment of all services rendered by them in the above causes to the date hereof."

Thereafter, plaintiff's husband deducted the $17,500 from stocks awarded to plaintiff and paid it to defendants. Defendants did not deduct the $7,600 which plaintiff had already paid to them. Plaintiff now seeks the $7,600 with interest, plus costs of the present suit.

Both defendants subsequently filed motions to strike and dismiss the complaint, pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, pars. 2—615, 2—619.) Defendants alleged that the action was barred by a prior judgment and that the complaint, if predicated on an oral agreement, was barred under the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 1 et seq.). Defendants also claimed that the complaint was factually insufficient; that the dissolution judgment did not require reimbursement of previously paid fees, and required each spouse to be responsible for his or her own fees except for the $17,500 mentioned in the judgment; and that only the procedures under the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 101 et seq.)

could be used to alter the award of attorney fees.

On December 8, 1986, the court granted both defendants' motions to dismiss after construing paragraphs F and K of the judgment of dissolution of marriage to mean that the $17,500 was in addition to the amount already paid and did not require any reimbursement. The court stated:

"I think that paragraph f and paragraph k of the Judgment of Dissolution of Marriage have to be construed together. Paragraph f requires the parties will pay their respective costs and attorney fees. Paragraph k then now are [*sic*] to fix attorney fees at a certain amount, but the context of that, I think, is with respect to the responsibility of the respondent to pay. I think the court awarded $17,500 attorney fees in favor of the petitioner and against the respondent, and anything else that was paid, I think—well, it was to have been paid. I can't imagine any judge in this county requiring lawyers to work 700 hours in anything at a rate of $25 per hour, when there is at least $92,500 in the marital—in one portion of the marital estate. For that reason, the motion to dismiss the complaint will be sustained, and the cause will be dismissed with prejudice at this time, so that if any further relief can be sought."

At a June 15, 1987, hearing on plaintiff's amended motion to vacate the dismissal, in which plaintiff stated that the court erred in its interpretation of Judge Plusdrak's order, the trial court denied the motion. The court observed that plaintiff's collateral attack on the judgment of dissolution should have been brought at the latest within two years of the date of the judgment.

■ Plaintiff argues that the present action is not a petition to modify fees, nor an indirect attempt to modify the dissolution judgment. Instead, she states she is presenting her right to be reimbursed under "a theory of unjust enrichment." Plaintiff describes the suit as an "action in assumpsit" which is predicated upon the equitable theory of "Money Had and Received" (citing *National Malleable Castings Co. v. Iroquois Steel & Iron Co.* (1929), 333 Ill. 588, 165 N.E. 199), which is "maintained either under the theory of implied contract or under the theory of quasi-contractual obligation." We find, however, that the complaint here required the trial court merely to determine the meaning of Judge Plusdrak's order as to fees. And, it appears from pleadings filed and comments of counsel, both sides recognized that was what the trial court was required to do.

■ We also hold that the trial court correctly determined the effect of the earlier order. That judgment recites that plaintiff's hus-

band was to pay defendants $17,500 after deducting that sum from the $92,000 he was to pay as her share of the marital assets. With the exception of that particular method of payment, the judgment required the parties to pay their own attorney fees without specifying a method of payment.

The domestic relations case involved 700 hours of work by defendants. This court reviewed the fees question and other issues twice, and leave to appeal was denied by our supreme court. (*Horzely v. Horzely* (1977), 47 Ill. App. 3d 793, 365 N.E.2d 412, *appeal after new trial on remand* (1979), 71 Ill. App. 3d 542, 390 N.E.2d 28.) As the trial noted, plaintiff's contention that the $17,500 alone constitutes payment for 700 hours would result in defendants being paid at the rate of $25 per hour. Even adding the $7,600 which plaintiff already paid would raise the fees only to $36 per hour. Moreover, defendants advanced costs for the two trials and appeals. We note that this court has upheld, for service in divorce matters in 1975 to 1977, fees of $75 per hour in *Donnelly v. Donnelly* (1980), 80 Ill. App. 3d 597, 400 N.E.2d 56, and for $125 per hour in *In re Marriage of Zannis* (1983), 114 Ill. App. 3d 1034, 449 N.E.2d 892.

For the foregoing reasons, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

EGAN, P.J., and QUINLAN, J., concur.