WILLIAMSBURG VILLAGE OWNERS' ASSOCIATION, INC., Plaintiff-Appellant, v. LAUDER ASSOCIATES *et al.*, Defendants-Appellees.
First District (3rd Division)   No. 1—89—1733

Opinion filed June 20, 1990.

Vincent A. Lavieri and Mary E. Haglund, both of Kovitz, Shifrin & Waitzman, of Arlington Heights, for appellant.

Christopher Jacobs and James A. Blazina, both of James A. Blazina, Chartered, of Chicago, for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

On December 2, 1989, plaintiff, Williamsburg Village Owners' Association, Inc., brought a forcible entry and detainer action against defendants, Lauder Associates, seeking possession of certain commercial condominium property and recovery of $8,385.72 of unpaid assessments for common element expenses from January 1, 1986, through October 31, 1987.

Following a trial in the circuit court of Cook County, the court entered an *ex parte* default judgment against defendants. The court awarded damages of $7,869, attorney fees of $585, and possession of the office condominium to plaintiff. Pursuant to the trial court's order of possession, plaintiff collected $55,909.02 under an assignment of rents.

Defendants appealed from that judgment, and this court reversed and remanded the case for further proceedings. (*Williamsburg Village Owners' Association, Inc. v. Lauder Associates* (1989), 181 Ill. App. 3d 931, 537 N.E.2d 857.) On remand, defendants filed a motion to vacate judgment, declare an assignment of rents void *ab initio* and return of collected funds. The trial court granted defendants' motion and, on June 14, 1989, ordered plaintiff to return the funds it had collected by June 21.

On June 21, the date which had been set for trial, plaintiff advised the court that it would be filing a substitution of attorneys. Also, on that date, defendants made an oral motion to hold plaintiff in contempt of court for failing to comply with the turnover order of June 14. The court stated:

> "He's making a request to substitute attorneys, you are making a request for sanctions and its all oral. I'm going to hold my order and continue this case for hearing on all of the motions. And that they be reduced to writing for July 3rd 1989 at 10:30 a.m. That's it."

At the July 3 hearing defendants presented their motion to hold plaintiff in contempt. Counsel for plaintiff first contended that he had not seen a copy of the motion, next argued that the June 14 turnover order had been continued from the June 21 hearing to July 3, then stated that he did not know why there had been no compliance. Plain-

tiff requested an opportunity to obtain a copy of the June 21 transcript of the proceedings in order to show the court that the order had been continued; however, the request was denied. The court stated that it had not continued the turnover order, entered an order finding plaintiff in contempt, and assessed a $500 fine for every day of continued noncompliance.

On July 6, the parties again appeared in court. Upon being advised that plaintiff had not turned over the funds, the court increased the contempt fine to $1,000 per day. The fine was increased, a third time, to $1,500 on July 13, 1989.

On July 20, defendants filed a garnishment on plaintiff's bank account. On or about August 10, answers to interrogatories were filed and defendants levied on plaintiff's bank account. Plaintiff urges four points on appeal: (1) the trial court abused its discretion in holding it in contempt; (2) the trial court lacked jurisdiction to increase the contempt fine; (3) the trial court's turnover order was an abuse of discretion; and (4) the garnishment should have been quashed. We affirm.

Plaintiff first contends that the trial court abused its discretion in holding it in contempt because it was not given prior notice of defendants' contempt motion and the opportunity to be heard. At oral argument, plaintiff complained that the notice had not been timely given because it had not been received within two court days prior to the hearing as required by Circuit Court Rule 2.1(d) (Cook County Circuit Court Rule 2.1(d)). Plaintiff asserts that when it raised the issue of lack of notice, the trial judge had an obligation to inquire into whether adequate notice had been given.

Defendants claim that the notice of motion and proof of service was filed on July 3, 1989. Additionally, defendants assert that plaintiff's counsel was personally served with a copy of the motion on June 30, 1989.

Included in defendants' brief, as exhibit 1, is a photocopy of a notice of motion and proof of service by delivery. In the section provided for proof of service, the typewritten date of service is Monday, July 3, 1989. That date is crossed out, and Friday, June 30, 1989, is handwritten above it. The defense attorney's initials appear beside the handwritten date, and his signature appears in the appropriate space provided on the form. The proof is stamped, filed July 3, 1989. In addition, included in the record is an original of a letter, dated June 30, 1989, sent by messenger, and addressed to Judge Bryant. The letter states that a copy of the motion is enclosed and indicates that a carbon copy was sent to plaintiff's counsel.

The evidence in the record supports defendants' claim that notice

of the motion, albeit untimely, was given. Nevertheless, even if notice was not proper, we believe that plaintiff has waived the issue.

■ Even though an order of court may be void *ab initio* for lack of due process, such as notice, a defect in notice can be waived. (*Walter v. City of West Chicago* (1976), 39 Ill. App. 3d 297, 300, 349 N.E.2d 437.) Preservation of a question for review requires an appropriate objection in the court below (*Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924, 929, 464 N.E.2d 1226), and failure to object constitutes a waiver. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 229, 499 N.E.2d 1381; *People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 313, 335 N.E.2d 448.

We have reviewed the July 3 proceedings wherein defendants' motion for contempt was presented. The following colloquy occurred:

"MR. JACOBS [defense counsel]: Your Honor, we have two motions. One motion to hold—hold the Plaintiff in contempt of court. Here is the original.

MR. LAVIERI [plaintiff's counsel]: I've never seen a copy of this motion.

THE COURT: You did get a copy of the order?

MR. LAVIERI: Yes, I did and—.

THE COURT: Will you give me a reason why you have not turned it over?

MR. LAVIERI: You continued everything until—.

THE COURT: No, I didn't continue the order that was on June 21st.

MR. LAVIERI: Yes, you did.

* * *

THE COURT: I didn't continue that one. Why have you not turned the money over? That is the question.

MR. LAVIERI: I understand that. I will have to check with my clients why they haven't turned the money over.

THE COURT: Prepare an order finding the Association plaintiff in contempt as of this moment * * *."

If, by stating that it had not seen the motion, plaintiff meant that it had not received notice, such an objection was nebulous and insufficient. In order to put the court on notice of any defect it was incumbent upon plaintiff to state the objection with sufficient clarity, renewing it until such time as the court acknowledged and responded to it.

In *Hargrove*, the plaintiffs' counsel observed that there had been improper notice, but indicated a willingness to proceed with the hearing that day. The trial court's order contained the specific finding that plaintiffs' attorney agreed to a hearing *instanter* despite the 24-hour

notice. On review, the court held that the plaintiffs had waived the issue of untimely notice by their failure to raise sufficient objection before the trial court to the defective notice. *Hargrove*, 124 Ill. App. 3d at 929.

Similarly, in *Carlsen v. Village of Oakwood Hills* (1987), 164 Ill. App. 3d 396, 517 N.E.2d 1107, the plaintiff assigned error to the trial court's hearing of defendants' motion since the plaintiff had not been served with the motion until the morning of trial. Initially, the plaintiff's counsel objected to the timeliness of the filing of the motion on the basis that he had just received it that morning. The trial court granted a recess so that the court and plaintiff could review the motion and so that plaintiff could prepare a response. Plaintiff did not renew his objection for lack of notice when court resumed. On the contrary, plaintiff took part in a spirited argument which included citation of authority. The court held, since the plaintiff demonstrated a willingness to proceed on the motion, he should not be heard to complain.

Here, there was never any objection to the sufficiency of the notice. Plaintiff, after its initial argument of having not seen the motion, relied solely on its mistaken belief that the order had been continued and a lack of knowledge concerning the reasons for the noncompliance. Further, absent some assertion from plaintiff that notice was defective, it was not the duty of the trial court to inquire.

Plaintiff here also contends that the court entered the contempt finding without first conducting an evidentiary hearing. The record reveals that plaintiff neither requested a continuance in order to prepare a response to the motion nor did it offer any evidence in opposition to the motion. At oral argument plaintiff stated that it did not request a hearing.

Having proceeded to defend against the contempt citation by relying on its mistaken belief concerning the continuance, plaintiff cannot now be heard to complain about the insufficiency of the hearing. *Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, 354-55, 487 N.E.2d 943.

Plaintiff next contends that the trial court's orders, entered on July 6 and July 13, which increased the amount of the contempt sanctions, were erroneous. It maintains that after the notice of appeal was filed, the trial court lacked authority to enter any additional orders. Defendants have not responded to this argument.

On July 3, plaintiff filed its notice of appeal of the court's July 3 contempt order. At the July 6 hearing, plaintiff advised the court that it had filed a notice of appeal and that it would be bringing a motion

before the court, "within a week or so to ask that [the court] set bond and also to stay enforcement of the judgment. We have not done that as of yet." The trial court stated that until the motion to stay was filed, the judgment would not be stayed, and accordingly, it increased the contempt fine from $500 per day to $1,000 per day. The contempt fine was again increased on July 13 to $1,500 per day.

On July 6, 1989, plaintiff filed a motion to stay enforcement of the court's orders pending appeal and to set bond. (107 Ill. 2d R. 305.) On July 27, this court granted plaintiff's motion to stay all proceedings in the trial court pending the appeal and set bond. On August 15, 1989, this court clarified its July 27 order, stating that the order, which stayed all lower court proceedings, related only to the lower court's orders of July 3, July 6, and July 13.

█ Plaintiff correctly states that upon filing a notice of appeal, the circuit court is divested of jurisdiction to enter any order involving a matter of substance, and the jurisdiction of the appellate court attaches *instanter*. (*City of Chicago v. Myers* (1967), 37 Ill. 2d 470, 472, 227 N.E.2d 760; *Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 545, 334 N.E.2d 288.) While the trial court retains jurisdiction to determine matters arising independent of, and collateral to, the judgment, it is restrained from entering any order which would modify the judgment or its scope. (*Horzely v. Horzely* (1979), 71 Ill. App. 3d 542, 545, 390 N.E.2d 28.) Accordingly, any actions taken by a court when it has no jurisdiction are null and void. *Bank of Viola v. Nestrick* (1981), 94 Ill. App. 3d 511, 514, 418 N.E.2d 515.

█ However, notice of an appeal does not in itself operate as a stay of enforcement of the court's orders. Enforcement of a judgment may be stayed pursuant to either Supreme Court Rule 305(a) or (b). (107 Ill. 2d Rules 305(a), (b).) Under Rule 305(a), an appeal operates as a supersedeas, interrupting execution of a judgment, only if the appeal is filed within 30 days after the judgment becomes final and only if a bond is presented, filed and approved. (*Nemanich v. Long Grove Country Club Estates, Inc.* (1970), 119 Ill. App. 2d 169, 255 N.E.2d 466.) Rule 305(b) permits either the trial court or the appellate court, upon notice and motion, and an opportunity for opposing parties to be heard, to stay enforcement of judgments for money only not stayed by compliance with paragraph (a) of the rule. (107 Ill. 2d R. 305(b).) It is the supersedeas which operates against the enforcement of a judgment, and its object and purpose are to stay future proceedings pending a determination on appeal. *Gregory v. First National Bank & Trust Co.* (1980), 84 Ill. App. 3d 957, 960, 406 N.E.2d 583.

█ The 1971 amendments to Rule 305 abandoned the use of the

term "supersedeas," and continued to distinguish between judgments for money only, the enforcement of which is stayed upon the filing of an approved bond, and other judgments and orders, the force and effect of which may be stayed by order of the court. (Ill. Ann. Stat., ch. 110A, par. 305, Committee Comments, at 206 (Smith-Hurd (1985).) Here, plaintiff, pursuant to Rule 305(b), motioned this court for a stay of enforcement. The stay was granted on July 27. While the trial court was divested of authority to enter any new orders or to modify the existing ones, until this court granted plaintiff's stay, the trial court was not precluded from exercising its authority to execute its contempt order by the imposition of the July 6 and 13 fines. See *Graff v. Graff* (1979), 71 Ill. App. 3d 496, 389 N.E.2d 1206; *Long v. Duggan-Karasik Construction Co.* (1974), 25 Ill. App. 3d 236, 323 N.E.2d 56; *Shapiro v. Shapiro* (1969), 113 Ill. App. 2d 374, 252 N.E.2d 93; but *cf. Horzely*, 71 Ill. App. 3d 542, 390 N.E.2d 28 (trial court had no authority to enforce child support decree after notice of appeal and supersedeas bond was filed).

Plaintiff's third contention is that the trial court's June 14 order, requiring turnover of the funds to defendants, was an abuse of discretion. It argues that the turnover order was the result of the court's mistaken belief that it was required to order restitution, when in fact the decision was discretionary. Defendants naturally argue to the contrary and further assert that the June 14 order, not having been included in plaintiff's notice of appeal, is waived.

We first address defendants' waiver argument. In *Petrillo v. Syntex Laboratories, Inc.* (1986), 148 Ill. App. 3d 581, 499 N.E.2d 952, *cert. denied* (1987), 483 U.S. 1007, 97 L. Ed. 2d 738, 107 S. Ct. 3232, the defense attorney was found in contempt and fined. On appeal, the plaintiff argued that the court's review should be limited to whether the trial court was correct in finding the attorney to be in violation of the court's order and not the propriety of the trial court's order itself. The appellate court, relying on *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483, stated that the correctness of the trial court's original order, which the attorney had been found to have violated, was properly an issue before the court. A contempt judgment including a fine or imprisonment " 'is a final and appealable judgment and presents to the court for review the propriety of the order claimed to have been violated.' " *Petrillo*, 148 Ill. App. 3d at 586, quoting *Scott*, 87 Ill. 2d at 174.

■ We conclude that the correctness of the trial court's turnover order, which plaintiff was found to have violated, is properly an issue before this court.

Plaintiff supports its argument that the turnover was discretionary by citation to *Calumet & Chicago Canal & Dock Co. v. Davis* (1920), 218 Ill. App. 176. We note that *Calumet & Chicago Canal* was reversed in *Thompson v. Davis* (1921), 297 Ill. 1, 130 N.E. 455. In *Calumet* a mortgagee had purchased property at a foreclosure sale and later sold it. On appeal, the reviewing court reversed the foreclosure; however, it denied restitution to the mortgagor. In denying restitution, the court reasoned, relying largely on decisional law from foreign jurisdictions, that restitution upon reversal was not a mere right, but was discretionary. In reversing the appellate court, our supreme court, in *Thompson,* stated that once the decree of foreclosure was reversed and set aside, the parties became entitled to be restored to their former rights as nearly as possible. "[I]t was the duty of the court to restore the parties to their rights by requiring the dock company to make restitution of the advantage gained by the reversed decree." 297 Ill. at 15.

■ In Illinois, the effect of a reversal is to abrogate the decree and leave the cause as it stood prior to the entry of the decree (*First National Bank v. Road District No. 8* (1945), 389 Ill. 156, 161-62, 58 N.E.2d 884), restoring the parties to their original positions. (*Loy v. Booth* (1974), 16 Ill. App. 3d 1077, 307 N.E.2d 414.) Some courts in other jurisdictions hold that restitution is not a matter of right, but is *ex gratia,* resting in the exercise of the court's sound discretion, and that the court will not order it where the justice of the case does not call for it or where retention is not shown to be contrary to equity and good conscience. (See 5 Am. Jur. 2d *Appeal & Error* §998 (1962) (and cases cited therein).) However, in Illinois it is well settled that upon the reversal of a judgment, under which one of the parties has received benefits, he is under an obligation to make restitution. *Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 382, 483 N.E.2d 1271; *Willett Co. v. Carpentier* (1954), 4 Ill. 2d 407, 123 N.E.2d 308; *Barnard v. Michael* (1945), 392 Ill. 130, 63 N.E.2d 858; *Ure v. Ure* (1906), 223 Ill. 454, 79 N.E. 153; *Jackson v. Polar-Mohr* (1983), 115 Ill. App. 3d 571, 450 N.E.2d 1263.

■ Further, the trial court's right and duty to enforce restitution are not dependent on any direct order for restitution by the appellate court. (*Rhodes v. Sigler* (1976), 44 Ill. App. 3d 375, 378, 357 N.E.2d 846.) Restitution should be permitted even if it requires some latitude because of changed conditions pending review. *Liberty Mutual Insurance Co. v. Zambole* (1986), 141 Ill. App. 3d 803, 491 N.E.2d 132.

Plaintiff listed a number of factors which it advised the trial court to consider in deciding whether to order restitution. Specifically, plain-

tiff advised the court that: (1) this case was one of three forcible entry and detainer cases which involved property owned by defendants' partners and that defendants had defaulted on the payment of assessments on all three; (2) in another case, which was pending in the circuit court, the partners owed plaintiff in excess of $75,000; (3) in one instance where defendants' partners had settled a case for assessments, they immediately defaulted; and (4) defendants owed in excess of $100,000 to plaintiff for unpaid assessments, late charges, interest and attorney fees. Plaintiff argues that, taking into account all of these circumstances, it was an abuse of discretion for the trial court to grant restitution.

Plaintiff then directs this court to consider *Getzoff v. Paris* (1979), 77 Ill. App. 3d 401, 396 N.E.2d 260. In *Getzoff*, the defendants contended that, upon reversal, the plaintiffs should have made restitution to the defendants. The appellate court, in its supplemental opinion, stated that it did not agree with the defendants that it was necessary for the court to order restitution by plaintiffs; the matter was left open to the trial court to assume jurisdiction over any further action in the matter. Further, the court stated that it was the purport of the court's opinion to restore the parties to the positions which they held prior to the judgment by the trial court. The court then, citing to *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217, stated that the trial court was free to modify or alter any interlocutory order, if erroneous, and enter any order or judgment consistent with the evidence as might have been warranted in its final determination of the cause, including a restitution order.

Plaintiff seems to rely on *Getzoff* to support the proposition that the order of restitution was discretionary, and that the court could have exercised another option. Plaintiff misunderstands *Getzoff*. First, the court in *Getzoff*, consistent with the majority of case law in Illinois, expressly stated that upon reversal it intended that the parties be restored to their predisposition status. Next, the court, in referring to the trial court's final determination, stated that the court could order restitution if warranted. The court was not, at that point, referring to the restitution which is required upon reversal, but rather to restitution which might be warranted as the ultimate result of the court's final disposition of the case. Acceptance of plaintiff's interpretation of *Getzoff* would create a contradiction in the court's opinion.

■ Even were we to conclude, and we do not, that the proper standard in Illinois, in deciding whether to grant restitution upon reversal, is abuse of discretion, we would find none here. The mere existence of different options does not render the chosen option errone-

ous. Here, plaintiff was required to make restitution and it was the duty of the trial court to order it. Guided by the decisional law of the cases cited herein, as well as principles of fairness, we are unable to conclude that the court's order of restitution was improper.

Plaintiff's final contention is that the garnishment of its bank account was without authority and that this court should have granted its motion to quash. Defendants respond that an appeal is not the proper course for review of this court's denial of the motion. Rather, they maintain that the plaintiff should have motioned this court for reconsideration of the motion instead. Defendants ask that the issue be stricken. We decline.

We agree with plaintiff that we are not precluded from reviewing our earlier denial of plaintiff's motion. In *People v. Nichols* (1986), 143 Ill. App. 3d 673, 493 N.E.2d 677, a case upon which plaintiff relies, the State moved the appellate court to dismiss the defendant's appeal. The court denied the motion but, on appeal, reconsidered its decision. The State urged that the court's denial of the motion to dismiss must be considered *res judicata* on the matter. The court stated that rulings on such motions made in the reviewing court were not unassailable and were open to reconsideration upon full consideration of the motions, briefs and record.

Plaintiff first argues that, since this court had stayed enforcement of the trial court's orders pending appeal, this court should have granted the motion to quash garnishment. According to plaintiff's brief, on July 17, it filed a motion to stay enforcement of the trial court's orders and set bond. On July 20, during the pendency of that motion, defendants commenced garnishment proceedings. On August 7 plaintiff filed an emergency motion to quash garnishment on the grounds that the garnishment proceedings were in violation of this court's July 27 order. On August 10 defendants levied on plaintiff's account and received in excess of $56,000. On August 15 this court denied plaintiff's motion to quash garnishment.

Defendants' response, which is wholly supported by the record, is that in this court's August 15 order, we clarified that the July 27 stay order related only to the orders of July 3, 6, and 13. Furthermore, the record discloses neither the presentment and posting of a bond, nor any order staying the enforcement of the June 14 restitution order. (107 Ill. 2d R. 305.) In the absence of either, defendants were free to enforce the June 14 order at any time.

We also note the garnishment was a proper enforcement remedy. Similar to the present case is *In re Marriage of Hilkovitch* (1984), 124 Ill. App. 3d 401, 464 N.E.2d 795 (superseded by statute,

as stated in *In re Marriage of Pick* (1988), 167 Ill. App. 3d 294, 521 N.E.2d 121).[1] In *Hilkovitch,* the respondent was held in contempt for his failure to comply with that portion of the court's dissolution judgment regarding maintenance and child support. The respondent filed a notice of appeal of the dissolution judgment, and the appellate court granted a stay of enforcement of the contempt citation and jail sentence. Meanwhile, the petitioner filed a motion for the appointment of a receiver and/or sequestrator to take possession of the respondent's business assets on the ground that he had not complied with the court's order concerning support and maintenance. (*Hilkovitch,* 124 Ill. App. 3d at 410.) The trial court entered the order appointing the sequestrator and the respondent appealed. 124 Ill. App. 3d 401, 464 N.E.2d 795.

On appeal, the respondent argued that the court's order of sequestration was erroneous because the court lacked jurisdiction. The respondent's argument was premised on the fact that he had filed an appeal of the dissolution judgment and had been granted a stay of enforcement of the contempt citation. The reviewing court noted that the respondent had not posted a bond or requested a stay of that portion of the judgment concerning support and maintenance. The stay which had been granted pertained only to the penalty for contempt, which did not affect the independent remedy of sequestration. (124 Ill. App. 3d at 425.) Thus, the court had jurisdiction to enforce the order pertaining to the payment of maintenance and support. 124 Ill. App. 3d at 425.

Plaintiff next argues that the turnover order was interlocutory in nature. It maintains, relying on *Peter Fischer Import Motors, Inc. v. Buckley* (1984), 121 Ill. App. 3d 906, 460 N.E.2d 346, that since the judgment left the action "pending and undecided," it was not final. Therefore, there was no statutory authority to support the garnishment.

The effect of this court's reversal and remand was to extinguish the prior erroneous judgment and revest the trial court with jurisdiction to determine the rights of the parties. The order of restitution was the concluding event in the restoration of the parties to their status before the rendering of the original judgment. Upon reversal, defendants were entitled, as a matter of right, to restitution.

---

[1]With the repeal of section 392 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 392), and the enactment of section 2—1402 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1402), the use of sequestration as an enforcement remedy in dissolution cases has been diminished. *In re Marriage of Pick* (1988), 167 Ill. App. 3d 294.

■■■ Even though the reversal here was not conclusive of the rights of the parties, since we have determined that restitution upon reversal is an absolute right, we hold that it was required to be made without consideration of what the further result of the litigation might be. "[O]therwise the court might be required to determine, on motion or by an independent action, the final judgment to be made in the litigation." (See 5 Am. Jur. 2d *Appeal & Error* §998 (1962).) We conclude that it was proper for the court to order and compel such restitution and for defendants to employ any independent remedies to enforce the order.

■■■ A final issue before this court is defendants' section 2—611 motion for attorneys fees and costs which was taken with the case. Defendants assert that because of plaintiff's improper inclusion of issues and arguments in its brief, they were required to expend substantial amounts of time and effort in responding. Therefore, defendants urge that, pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), this court assess attorney fees and costs against plaintiff.

We do not agree that plaintiff has included improper arguments in its brief. Further, while we have determined that plaintiff cannot prevail on the total of its arguments, we do not find the arguments presented to have been so superficial or made without reasonable cause, as to warrant sanctions. Moreover, we have recently held that section 2—611 confers no authority upon this court to impose the sanctions which defendants request. See *Harris v. Harris* (1990), 196 Ill. App. 3d 815.

For the foregoing reasons we affirm the judgment of the circuit court.

Affirmed.

RIZZI and WHITE, JJ., concur.