Charles COLLINS, Plaintiff–Appellant,

v.

EDUCATIONAL THERAPY CENTER, Defendant–Appellee.

No. 98–3916.

United States Court of Appeals, Seventh Circuit.

Argued May 21, 1999.

Decided June 28, 1999.

Laura Lee Robinson (argued), Centreville, IL, for Plaintiff–Appellant.

John L. Gilbert (argued), Reed, Armstrong, Gorman, Coffey, Gilbert & Mudge, Edwardsville, IL, for Defendant–Appellee.

Before FLAUM, KANNE, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

This is a frivolous appeal. Appellant Charles Collins challenges the district court's order compelling him and his attorney, Laura Robinson, to sign documents reflecting the agreed upon terms of his settlement with the appellee and sequestering in the court registry the portion of the settlement due Robinson for her fees pending the resolution of a state-court dispute concerning her former co-counsel's claim to a share of those fees. We affirm with sanctions.

## I.

Collins filed suit against the Educational Therapy Center ("ETC") and its director in 1994, alleging that ETC had reduced his employment from full to part-time because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1). The case proceeded to trial, at the conclusion of which a jury found that the defendants had indeed discriminated against Collins. The jury awarded Collins $96,034.80 in compensatory damages; the district court additionally ordered the defendants to reinstate Collins to full-time employment and to pay $54,-943.75 in attorney's fees, $471 in court costs, and backpay equivalent to the wages and benefits Collins lost when he was reduced to part-time employment. On appeal last year, we affirmed the judgment of liability against ETC in favor of Collins, vacated the judgment against its director

(who could not properly be sued in her individual capacity), and, in light of various evidentiary errors and the possibility of duplicative recoveries, vacated the jury's award of damages as well as the district court's award of backpay and ordered a new trial on damages. *Collins v. Kibort,* 143 F.3d 331 (7th Cir.1998). The case was returned to the district court.

On August 25, 1998, the parties participated in a settlement conference and came to terms on a mutually satisfactory resolution of the case. ETC agreed to pay $100,000 to Collins and $80,000 in fees to his attorney, Robinson, while Collins agreed to resign from ETC's employ at once. The parties reported the terms of their agreement to the magistrate judge, and two weeks later, on September 8, the district court dismissed the case without prejudice and with leave to reinstate in the event that the settlement was not consummated. R. 83. The court also retained jurisdiction for purposes of enforcing the settlement. *Id.* By this time, Collins was no longer working for ETC, but ETC had not yet issued checks to Collins and Robinson.

On September 4, 1998, attorney R. Ronnae Black filed suit in Illinois state court against Collins, Robinson, ETC, and ETC's counsel claiming, pursuant to a contingent fee agreement, entitlement to approximately $48,000 in fees. R. 84 Ex. 4. Black had appeared at trial on Collins' behalf, although Robinson asserts that his participation in the trial and pre-trial proceedings was quite limited. In any case, Black sought and obtained a preliminary injunction from the Illinois court barring ETC and its counsel from releasing any money payable to Robinson under the settlement agreement. *Id.* Ex. 5. The injunction called for the $80,000 to be placed in a trust account. *Id.* at 3.[1]

Shortly after Black filed the state lawsuit, ETC and Collins filed cross-motions in federal court to enforce the settlement agreement. R. 84, 85. In relevant part, Collins wanted the amounts agreed to in the settlement to be paid at once to himself and Robinson, notwithstanding the state court's injunction as to the moneys due Robinson. ETC, on the other hand, wanted the court to compel Collins and Robinson to sign the written settlement agreement, which they had not yet done, and to authorize ETC to dispose of the $80,000 as instructed by the state court or as the district court itself might see fit to direct.

Judge Riley referred the motions to Magistrate Judge Cohn, who recommended that ETC's motion be granted. ETC had prepared a settlement agreement and general release dated September 10, 1998 and forwarded the document to Robinson for execution. Judge Cohn found that both parties had agreed to the terms set forth in this version, inasmuch as it incorporated all of the changes that Robinson had previously requested. R. 89 at 1–2. He therefore saw no reason not to enforce the settlement by requiring Collins and Robinson to execute the September 10 settlement agreement and general release. *Id.* at 2. The pending dispute between Robinson and Black presented state rather than federal questions, Judge Cohn reasoned (*id.*), and could be accommodated by requiring ETC to pay the $80,000 due Robinson into the court registry subject to the state court's adjudication of Black's lawsuit (*id.* at 3). The $100,000 due to Collins would be paid to him directly. *Id.*

Judge Riley adopted the Magistrate Judge's report and recommendation over Collins' objection and ordered the $80,000 due Robinson to be paid into the court registry. R. 92. The judge rejected the entreaties of Collins and Robinson to have him block Black's lawsuit, noting:

---

1. The state court's order included a proviso stating that the order would be null and void in the event that the federal court issued any directive inconsistent with the order. R. 84 Ex. 5 at 3.

Plaintiff, by and through his attorney Laura Robinson, has provided the Court with a litany of ramblings, pleas and allegations. Plaintiff, however, has not given the Court any substantive reason to interfere with a dispute that clearly belongs in state court.

*Id.* at 2–3.

## II.

■ Although Collins purports to present ten issues for our review (*see* Collins Br. 1–2), there is only one subject that we need to address, and that is the propriety of the district court's decision to enforce the settlement agreement and to sequester the $80,000 payable to Robinson in the court registry pending resolution of the state litigation. Two of the issues Collins has identified relate to that question; each of the remaining eight concerns an off-the-record discussion that took place at the August 25th settlement conference. Prior to that conference, ETC's counsel apparently had been alerted to the possibility that attorney Black might be asserting a lien on any fees paid to Robinson. At the conclusion of the conference, after the terms of the parties' settlement had been summarized for the magistrate judge, ETC's counsel initiated an off-the-record discussion with the court concerning this possibility. Collins devotes a large portion of his brief to the accuracy of the representations that ETC's counsel made on this subject and to the propriety of the court allowing the discussion to proceed off the record. Yet, so far as the record and the briefs reflect, the magistrate judge took no action at that time based on any off-the-record representations that ETC's counsel may have made as to Black's possible lien. When the district court later did decide to sequester the funds that would otherwise have been paid directly to Robinson, it did so based on the state lawsuit that Black had filed after the August 25th settlement conference. Nothing in either the magistrate judge's report and recommendation or the district court's order adopting that report suggests that the court was in any way influenced by the off-the-record discussion that took place on August 25. Common sense suggests that Black's decision to file suit rendered entirely moot any predictions or representations ETC's counsel had previously made as to Black's possible course of action. Consequently, we see no need to address those representations.

■ The decision whether or not to enforce a settlement is one committed to the district court's discretion. As we explained in *Carr v. Runyan*:

> Given that the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, the exercise of that power is particularly appropriate for deferential review. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir.1995). Thus, in considering a district court's decision whether to enforce a settlement agreement, including its threshold determination of whether the parties actually entered into a valid and enforceable agreement, we will not reverse unless the lower court abused its discretion. *Id.* Under this standard, we do not ask whether we would have ruled as the district court did were the question before us in the first instance, but rather whether under the circumstances the district court's decision was reasonable. *Antevski v. Volkswagenwerk Aktiengesellschaft*, 4 F.3d 537, 539–40 (7th Cir. 1993).

89 F.3d 327, 331 (7th Cir.1996), *cert. denied*, 519 U.S. 1117, 117 S.Ct. 962, 136 L.Ed.2d 848 (1997). Collins does not contest the proposition that the parties had, indeed, settled the case. Nor does he contend that the September 10, 1998 version of the settlement agreement and release that Collins and Robinson were ordered to sign inaccurately reflected the terms of that agreement. His sole contention in this respect is that the court improperly amended the settlement agreement by ordering the money due Robinson

under that agreement to be paid instead into the court registry until such time as the state court determined Black's entitlement, if any, to a share of that money. That is an additional settlement term, Collins argues, to which he and Robinson would never have agreed.

▮ We reject the notion, however, that the court effectively amended the settlement agreement by ordering the sequestration of the funds payable to Robinson. That order does not alter the terms of the settlement. ETC remains obliged under the agreement to pay $100,000 to Collins and another $80,000 to Robinson as Collins' counsel. The order to sequester the $80,000 due Robinson simply recognizes the possibility, concretely presented by Black's lawsuit, that Robinson may have an independent contractual obligation to share that $80,000 with her former co-counsel. The money will therefore be held by the court until such time as the state court determines the validity of Black's claim. In this way, ETC can discharge its obligations under the settlement agreement without prejudice to whatever rights Black may have. Robinson's interests are protected as well, in the sense that the money will remain in a neutral venue while the state court looks into the merits of Black's claim. Nothing the district court has done, then, casts doubt on Robinson's right to the $80,000. It is Black's lawsuit which has raised that doubt. The decision to sequester the funds, rather than redrafting the settlement agreement between Collins and ETC, simply recognizes the pending litigation in state court and secures the money until the state court can decide what portion, if any, of those settlement proceeds Robinson may owe to Black by virtue of a separate agreement between the two of them. The district court did not abuse its discretion in enforcing the settlement.

As the foregoing comments suggest, we see nothing wrong with the district court's equitable decision, independent of enforcing the settlement, to have the funds payable to Robinson sequestered in the court registry. Ordering disputed funds to be paid into the court registry is a time-honored means of maintaining the status quo until such time as conflicting claims to the money can be resolved. *See, e.g., Moore Bros. Constr. Co. v. City of St. Louis,* 159 F.2d 586 (7th Cir.1947). Black's lawsuit put the merits of the dispute between him and Robinson squarely before the state court. The district court was not free simply to ignore or preempt that litigation. *Cf.* 28 U.S.C. § 2283. Securing the funds assigned to Robinson by the settlement agreement was an appropriate means of wrapping up the federal suit without prejudice to the state court's ability to rule on Black's claim to a share of those proceeds. Indeed, beyond claiming (in his brief) that Black's state lawsuit is a "sham" (Collins Br. 2, 19) and (at oral argument) that the state court is "corrupt"—reckless claims that are utterly devoid of any support in the record before us—Collins has given us no reason to doubt that the district court's decision to sequester the funds was an appropriate exercise of its discretion.

### III.

▮ We remarked at the outset that this is a frivolous appeal. We cite but a few examples of the improprieties that have caused us to view it as such.

Both the magistrate judge and the district judge were careful to articulate their reasons for recommending and deciding, respectively, to enforce the parties' settlement agreement and to sequester the portion of the settlement monies due to Robinson. Neither Collins' brief nor his attorney's oral argument have confronted the district court's rationale for these acts. Indeed, in blatant violation of Circuit Rule 30(a) and (b), Robinson failed even to include in the appendix to Collins' brief either the magistrate judge's report and recommendation recommending enforcement of the settlement agreement and sequestration of the $80,000 payable

to Robinson or the district court's order adopting that recommendation. That omission was left for ETC's counsel to correct in the appellee's brief. ETC Br. App. 26–34. Yet, Robinson inexplicably certified that all of the required materials had, in fact, been included in Collins' appendix. Collins Br.App. 10; *see* Circuit Rule 30(d). Time and time again, we have warned appellants and their counsel that this behavior in and of itself is subject to appropriate sanctions. *E.g., Pabst Brewing Co. v. Corrao,* 161 F.3d 434, 438 n. 1 (7th Cir.1998); *Hibben v. Nardone,* 137 F.3d 480, 481 n. 1 (7th Cir.1998); *Tangwall v. Stuckey,* 135 F.3d 510, 515 (7th Cir.1998); *Hill v. Porter Mem. Hosp.,* 90 F.3d 220, 225–27 (7th Cir.1996).

Judge Riley observed below that Collins' and Robinson's objections to the magistrate judge's report and recommendation amounted to "a litany of ramblings, pleas, and allegations" (R. 92 at 3); their briefing and argument before this court have been no better. The statement of "facts" in Collins' brief is almost wholly devoid of record citations, in plain violation of Federal Rule of Appellate Procedure 28(a)(7) and Circuit Rule 28(c). The brief accuses both Black and ETC's attorney of lying, perjury, malfeasance, and fraud (*see, e.g.,* Collins Br.1, 6, 10, 15, 16, 21), again without citation to any record support for such serious accusations. Page after page of the brief is devoted to the off-the-record discussion at the August 25 settlement concerning Black's possible assertion of a lien, notwithstanding the fact that the district court's decision to sequester the attorney's fees rested upon the pending state-court litigation rather than any off-the-record discussion about a lien. *See* Collins Br. 16–19, 20–21. At argument, Robinson blithely accused the state court of being "corrupt" and in collusion with ETC and Black.

Robinson's failure, as Collins' attorney, to focus upon the pertinent district court rulings, to marshal evidentiary support for her allegations of collusion, deceit, and cor-

ruption, and to cite any precedent calling into question the propriety of the district court's actions betrays the hopelessness of this appeal. The district court took eminently sensible steps when it enforced the settlement and sequestered the attorney's fees. Rather than attempting in good faith to demonstrate an abuse of discretion by the district court, Robinson has dissembled and distracted, wasting the time and resources of the court as well as the appellee. Her pursuit of this appeal epitomizes the type of vexatious, obstinate litigation that warrants sanctions under Federal Rule of Appellate Procedure 38. *See, e.g., Listle v. Milwaukee County,* 138 F.3d 1155, 1160 (7th Cir.1998); *Stringel v. Methodist Hosp. of Indiana, Inc.,* 89 F.3d 415, 423 (7th Cir.1996).

## IV.

The district court's order enforcing the parties' settlement agreement and directing that the attorney's fees payable to Robinson under that agreement be paid into the court registry pending resolution of the state-court litigation is affirmed. In light of the frivolous nature of this appeal, we grant ETC's motion for sanctions and order Robinson to compensate ETC for the cost of defending the district court's order. ETC shall submit to this court within fifteen days a statement of the costs, including attorney's fees, that it reasonably incurred in responding to this appeal. ETC's motion to strike Collins' brief is denied as moot in light of our decision to sanction Collins' counsel.

AFFIRMED; MOTION FOR RULE 38 SANCTIONS GRANTED; MOTION TO STRIKE APPELLANT'S BRIEF DENIED.