**In re: Clarence L. VANCE**
**Debtor–Appellant.**

**Thomas J. Lester, Plaintiff–Appellee,**

v.

**Clarence L. Vance, Harriet P. Vance, and Harriet P. Vance as Trustee under Trust Agreement dated October 22, 1993 and known as Thousand Hills Trust Number 1, Defendants–Appellants.**

No. 00–3027.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 19, 2000*.

Decided Jan. 25, 2001.

Rehearing Denied Feb. 7, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, MANION, DIANE P. WOOD, Circuit Judges.

## ORDER

Clarence Vance returns to this court, this time along with his wife Harriet, with yet another appeal arising from Clarence's 1997 Chapter 7 bankruptcy filing. The Vances appeal from an order affirming the bankruptcy court's refusal to vacate a default judgment entered against them in an adversary proceeding brought by the trustee. We affirm.

Clarence Vance filed for bankruptcy under Chapter 7 of Title 11 of the United States Code in 1997. In February 1999, the trustee in bankruptcy filed an adversary complaint against Mr. Vance and his wife, Harriet Vance, seeking an order authorizing the trustee to sell Mr. Vance's interest in the farm property in Pecatonica, Illinois, owned by the Vances to pay debts owed to the State Bank of Davis, an Illinois chartered bank. In March both Mr. and Mrs. Vance filed similar motions to dismiss the adversary complaint for failure to state a claim. The Vances argued that Mrs. Vance had transferred the property in trust in 1993, naming herself as trustee and her children as beneficiaries, and therefore Mr. Vance, the debtor, had divested himself of any interest in that property. They further argued that the trustee should be estopped from arguing that this trust was fraudulent because the State Bank of Davis had failed to raise that issue in a previous state-court condemnation action brought by the Illinois Department of Transportation to acquire a portion of the property for a highway expansion. On June 9, 1999, the bankruptcy court denied the Vances' motions and ordered them to respond to the adversary complaint within fourteen days. They did not. On August 9, 1999, the bankruptcy court again ordered the Vances to respond to the adversary complaint, and again they failed to do so. Accordingly, on September 30, 1999, the trustee moved for a default judgment, asserting that Mr. Vance had an interest in the property and any conveyance was either fraudulent, 11 U.S.C. § 548, or a post-petition transfer, 11 U.S.C. § 549. The Vances continued to refuse to respond to the adversary complaint and instead responded to the trustee's motion for default judgment by rearguing their collateral estoppel theory rejected earlier by the bankruptcy court. The bankruptcy court granted the trustee's motion on November 24, 1999, and the Vances later moved unsuccessfully to vacate the default. The district court affirmed.

 We review the bankruptcy court's and the district court's conclusions of law de novo and their findings of fact for clear error. *In re Frain,* 230 F.3d 1014 (7th Cir.2000). A court may vacate a default judgment when the moving party demonstrates: 1) good cause for its default; 2)

quick action to correct the default; 3) a meritorious defense to the complaint. *Swaim v. Moltan Co.,* 73 F.3d 711, 722 (7th Cir.1996); *In the Matter of Busick,* 719 F.2d 922, 925 (7th Cir.1983). On appeal, Mr. Vance and his wife, as the purported trustee, fail even to attempt to explain why they twice failed to answer the adversary complaint as ordered by the bankruptcy court. Instead, the Vances again reargue their collateral estoppel theory. The Vances raised this theory in their motions to dismiss, which the bankruptcy court denied. The court's denial of those motions did not entitle them to willfully refuse to answer the adversary complaint, and then later challenge the resulting default judgment. The district court properly affirmed the bankruptcy court's denial of the Vances' motion to vacate the default judgment.

This appeal is frivolous, and we turn now to the question of whether the Vances should be sanctioned under Federal Rule of Appellate Procedure 38. A court of appeals may award sanctions against an appellant, if it determines— after providing the appellant a reasonable opportunity to respond—that the appeal is "frivolous," meaning that the result is foreordained by the lack of substance to the appellant's arguments. *United States v. Insurance Consultants of Knox, Inc.,* 187 F.3d 755, 761 (7th Cir.1999). At times, we have required some evidence of bad faith before finding that sanctions should be imposed. *Id.* Mr. Vance's pattern of behavior suggests bad faith. He has previously been warned that if he persisted in filing frivolous appeals he might be sanctioned. *See Vance v. State Bank of Davis,* No. 92–2139 (7th Cir. Feb. 11, 1993). No fewer than two of his numerous prior appeals have been labeled as frivolous, and several others have been summarily affirmed. Indeed, Mr. Vance recently brought an appeal nearly identical to the one at issue, refusing to answer an adversary complaint and then appealing the resulting default judgment entered against him. *See In re Vance,* No. 99–3164, 2000 WL 975174, at *1 (7th Cir. Jan. 5, 2000) (unpublished). His frequent visits to the federal courts on such frivolous grounds "waste our time and deprive litigants with real disputes who raise potentially meritorious arguments of an opportunity to be heard in a timely manner." *Insurance Consultants of Knox, Inc.,* 187 F.3d at 762. Furthermore, both Mr. and Mrs. Vance, in their reply brief, denounce the bankruptcy judge, making wholly unsubstantiated allegations regarding his integrity and competence. *See, e.g., Collins v. Educational Therapy Ctr.,* 184 F.3d 617, 622 (7th Cir. 1999) (imposing sanctions on appellant who submitted brief accusing the state court of being corrupt). The Vances' pursuit of this appeal epitomizes the type of repetitive, meritless litigation that warrants sanctions under Rule 38. Accordingly, we now order Mr. and Mrs. Vance to show cause within 14 days why they should not be sanctioned pursuant to Federal Rule of Appellate Procedure 38.

AFFIRMED; ORDER TO SHOW CAUSE ISSUED.