In re Clarence L. VANCE, Debtor–Appellant.

Thomas J. Lester, Plaintiff–Appellee,

v.

Harriet P. Vance, as Trustee under Trust Agreement dated October 23, 1993 and known as Thousand Hills Trust Number 1, Defendant–Appellant.

No. 01–1020.

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2001.*

Decided June 14, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and WILLIAMS, Circuit Judges.

ORDER

After Clarence Vance declared Chapter 7 bankruptcy in 1997, the bankruptcy court authorized the trustee in bankruptcy, Thomas Lester, to sell Clarence's interest in a Pecatonica, Illinois farm owned by Clarence and his wife, Harriet Vance. Harriet appealed to the district court, claiming that sole ownership of the farm lies in a trust which she represents. The district court dismissed her appeal as moot and we affirm.[1]

In 1983 a previous owner deeded the farm property at issue to the Vances as joint tenants. In February 1999 Lester filed an adversary complaint against Clarence, Harriet, and the trust seeking bankruptcy court authorization to sell Clarence's interest in the farm to pay his debts. Lester alleged that Clarence had fraudulently transferred his interest in the property to Harriet to avoid satisfying those debts. In November 1999 the bankruptcy court entered a default judgment against the Vances after they twice failed to respond to the court's order to answer the complaint. The court voided Clarence's conveyance of his interest in the farm as an impermissible post-bankruptcy transfer, 11 U.S.C. § 549, and authorized Lester to sell the entire property, 11 U.S.C. § 363(b), with one-half the proceeds to go to Harriet. The bankruptcy court denied the Vances' motion to vacate the default judgment, and both the district court and this court affirmed. *See In re Vance,* 2 Fed.Appx. 505 (7th Cir.2001).

In June 2000 the bankruptcy court approved Lester's proposed procedure for selling the farm at an auction. Lester auctioned the farm in July 2000, and the bankruptcy court approved the report of sale in August 2000. In September 2000 Harriet appealed the order approving the sale to the district court. In her appeal Harriet resurrected two arguments rejected before in her prior litigation regarding the default judgment. First, she asserted that the farm was not property of Clarence's bankruptcy estate because he had validly transferred his interest to her. Second, Harriet alleged that Lester should be estopped from arguing that Clarence had an interest in the land because in 1998 a state court had purportedly deemed Harriet, as trustee, to be the sole owner of the farm during a condemnation proceeding brought by the Illinois Department of Transportation to acquire a portion of the farm for a highway. The district court dismissed the appeal as moot because a stay of the order approving the sale had not been obtained, and then denied Harriet's motion to alter or amend the judg-

---

1. On April 19, 2001 we entered an order pursuant to *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995), restricting the Vances from making any civil filings until they pay the $1,000 sanction this court levied against them for filing frivolous appeals. We emphasize that the *Mack* order remains in force, and we consider this appeal only because all necessary filings were made prior to the effective date of the *Mack* order.

ment under Federal Rule of Civil Procedure 59(e).

On appeal Harriet rehashes her claims that the farm was not part of Clarence's estate and that Lester was estopped from asserting otherwise. These arguments, however, are beside the point because, as the district court twice informed Harriet, her case is moot. Whether or not the sale was proper is irrelevant; where the sale has been approved by the bankruptcy court under 11 U.S.C. § 363(b), a party must obtain a stay of the sale or else any appeal of the approval will become moot. *See* 11 U.S.C. § 363(m); *In re CGI Industries, Inc.,* 27 F.3d 296, 299 (7th Cir. 1994); *In re Sax,* 796 F.2d 994, 997 (7th Cir.1986); *In re Vetter Corp.,* 724 F.2d 52, 55–56 (7th Cir.1983).

For the foregoing reasons, we AFFIRM the dismissal of Harriet's appeal as moot.