Charles COLLINS, Plaintiff,

v.

EDUCATIONAL THERAPY CENTER, Defendant.

Laura Lee Robinson, Appellant,

v.

R. Ronnae Black, Appellee.

No. 02–2069.

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2003.*

Decided July 31, 2003.

* We have determined that this appeal is successive to no. 98–3916, and the same panel has retained it for decision. After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FLAUM, Chief Judge, KANNE, and ROVNER, Circuit Judges.

### ORDER

This successive appeal arises from a regrettable dispute over fees between Laura Lee Robinson and R. Ronnae Black, two attorneys who represented the plaintiff, Charles Collins, in his Title VII action. Our previous opinions, *Collins v. Kibort,* 143 F.3d 331 (7th Cir.1998) (*"Collins I"*), and *Collins v. Educational Therapy Center,* 184 F.3d 617 (7th Cir.1999) (*"Collins II"*), describe the case and the ensuing fee dispute in detail. We briefly recount the history of the dispute to explain Robinson's present appeal.

In 1994 Collins sued his former employer, the Educational Therapy Center (ETC), for demoting him to part-time employment because of his race. Collins, represented by attorneys Robinson and Black, prevailed at a jury trial. On appeal we upheld the jury's finding of liability but ordered a new trial on damages. *See Collins I,* 143 F.3d at 333. Shortly thereafter, in August 1998, the parties settled the case. Robinson negotiated the settlement on behalf of Collins. Pursuant to the settlement agreement, Collins was to immediately resign from ETC, and ETC was to pay him $100,000 and pay $80,000 in fees to Robinson. The district court dismissed the case on September 8, 1998, without prejudice and with leave to reinstate in the event that the settlement was not consummated. The court also retained jurisdiction for purposes of enforcing the settlement. By this time Collins was no longer working for ETC, but Collins and Robinson had not yet signed the settlement agreement and ETC had not given them their checks.

Meanwhile, Black learned of the settlement, and on September 4, 1998, he sued Collins, Robinson, ETC, and ETC's counsel in Illinois state court claiming entitlement to $48,000 in attorney's fees pursuant to an agreement with Robinson, or, alternatively, to a reasonable fee for his work on Collins's case. Robinson opposed Black's claim, contending that there was no such agreement and that Black's work on the case was minimal. But in September 1998 the state court issued a preliminary injunction prohibiting ETC or its counsel from releasing any money payable to Robinson under the settlement agreement and calling for the $80,000 in fees to be placed in a trust account. The court added that the injunction would be null and void in the event that the federal court issued an inconsistent directive.

ETC and Collins then filed cross-motions in the district court to enforce the settlement agreement: Collins asked the court to order ETC to pay Robinson and himself the agreed upon amounts notwithstanding the state court's injunction; ETC asked the court to compel Collins and Robinson to sign the written settlement agreement and authorize ETC to dispose of the $80,000 as instructed by the state court or as the district court saw fit. The district court enforced the settlement, ordering Collins and Robinson to execute the agreement and requiring ETC to pay Collins $100,000 and to place $80,000 into the federal court's registry pending the outcome

of Black's suit in state court. The order provided that the $80,000 then would "be distributed in accordance with any final order issued" in the state case.

Collins, still represented by Robinson, appealed that part of the district court's order preventing disbursement of the $80,000 in attorney's fees. We affirmed, concluding that the district court was well within its discretion to enforce the parties' settlement agreement and direct that the $80,000 be sequestered in the court's registry until the state-court litigation was resolved. *See Collins II,* 184 F.3d at 621. Further, we sanctioned Robinson $6,616 for pursuing a frivolous appeal. Following that appeal Robinson received his $100,000, and the $80,000 in fees remained on deposit with the district court.

In the meantime Black proceeded with his claim for a share of the $80,000 in state court, and prevailed. In February 1999 the state trial court found Robinson in contempt for refusing to comply with discovery and for lying to the court, and struck her pleadings as a sanction. After the state appellate court affirmed the sanctions order, the trial court in November 2001 entered judgment in Black's favor, awarding him $54,915 in attorney's fees as his share of the $80,000 fee award, plus pre-judgment interest and costs in the sum of $193. In addition the court awarded Black $14,372 plus statutory interest to compensate him for attorney's fees incurred as a result of Robinson's "frivolous filings," "untrue allegations," "willful violations of discovery," and frivolous appeal of the sanctions order. Robinson appealed to the Illinois appellate court but did not file an appeal bond or move to stay enforcement of the trial court's judgment pursuant to Illinois Supreme Court Rule 305.

With the state court's judgment in hand, Black went back to federal court and moved for the disbursement of the funds in the court's registry to satisfy the judgment. At the same time ETC, which still had not received from Robinson the $6,616 we ordered her to pay as a sanction, asked that that amount be disbursed as well. Robinson opposed Black's motion, and also moved to stay any disbursement of funds to Black pending the resolution of her appeal to the Illinois appellate court. The district court granted Black's and ETC's motions in March 2002. The court denied Robinson's motion for a stay, noting that her notice of appeal did not bar the enforcement of the state trial court's order, since she had not filed an appeal bond, nor had the state courts ordered a stay. The district court went on to order that $54,915 plus pre- and post-judgment interest, $193 in costs, and $14,372 plus post-judgment interest be disbursed to Black pursuant to the state court's judgment, and that $6,616 be disbursed to ETC to satisfy the sanctions awarded by this court in *Collins II.* Any funds remaining were to go to Robinson.

■ Robinson appeals once again. This appeal, like her last, is frivolous. She renews her challenge to the state-court proceeding, arguing that "the Supremacy Clause of Article VI of the United States Constitution precluded Black's use of circuit court jurisdiction to circumvent and defraud Robinson of attorney's fees derived from a wholly federal cause of action." But as Robinson should be well aware, the district court and this court have already ruled that Black's claim for a share of the fees could, and should, proceed in state court. Her attempt to remove the suit to federal court was rejected. *See Black v. Robinson,* No. 98–CV–691 (N.D.Ill. Sept. 29, 1998) (unpublished order) (Murphy, C.J.). And although the district court might have exercised supplemental jurisdiction over Black's claim had he raised it in federal court, *see Baer v.*

*First Options of Chicago, Inc.,* 72 F.3d 1294, 1301 (7th Cir.1995), the judge saw no reason to interfere with the ongoing state-court litigation, *see Collins II,* 184 F.3d at 620–21. In upholding the district court's decision to sequester the fees, we stated that "Black's lawsuit put the merits of the dispute between him and Robinson squarely before the state court. The district court was not free simply to ignore or preempt that litigation.... Securing the funds assigned to Robinson by the settlement agreement was an appropriate means of wrapping up the federal suit without prejudice to the state court's ability to rule on Black's claim to a share of those proceeds." *Id.* at 621.

■ Nevertheless, Robinson challenges Black's resort to state court because, she says, the district court had previously decided that she was entitled to a lion's share of the fee. In her brief she repeatedly asserts that following the favorable jury verdict in December 1996 the district court had ordered ETC to pay $54,944 in attorney's fees, allotting $49,665 to Robinson and $5,750 to Black. Black, she says, should not have been permitted to usurp this determination with his state court lawsuit. But Robinson's assertion finds inadequate support in the district court's December 1996 order, which awarded attorney's fees but did not specifically allocate fees to either attorney. Moreover, an attorney fee award under Title VII technically is to the "prevailing party," not to the party's lawyer or lawyers. 42 U.S.C. § 2000e–5(k); *Mathur v. Bd. of Trustees of S. Ill. Univ.,* 317 F.3d 738, 741 (7th Cir.2003). In any event, the 1996 fee determination, in effect, became a nullity once this court vacated and remanded for a new trial on damages, the parties settled the case, and the district court entered its October 1998 order sequestering the amount of fees agreed upon by the parties.

■ Next, Robinson argues that the state court's fee determination was unsupported by the record, and thus the district court erred in relying on it. She maintains that Black's participation in Collins's case was "minuscule" compared to hers and that his claim for a share of the fees was "fraudulent." But those issues were for the state court to decide. We, like the district court, lack jurisdiction to review the merits of the state court's fee determination. Lower federal courts are precluded from reviewing decisions of state courts in the absence of a federal statute authorizing such review. *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir.2001).

The only relevant question for purposes of this appeal is whether the district court abused its discretion in disbursing the fees as it did. Robinson has not shown any abuse of discretion on the part of the district court. We have already held that the court properly sequestered the fees pending the outcome of the state-court litigation. In its March 2002 order the district court simply parceled out those fees in accordance with the state court's facially valid judgment. Robinson rightly does not contest the court's decision to disburse the funds while her appeal from that judgment was pending in the Illinois appellate court. As the district court correctly stated, in Illinois a notice of appeal does not in itself operate as a stay of enforcement of the court's judgment; an appeal can delay the execution of a judgment only if the appellant files a bond or a stay is otherwise granted. *See* Ill. S.Ct. R. 305; *Williamsburg Vill. Owners' Ass'n v.*

*Lauder Assoc.,* 200 Ill.App.3d 474, 146 Ill. Dec. 245, 558 N.E.2d 208, 212 (1990). Here, Robinson did not file an appeal bond or move for a stay, and thus the judgment was enforceable despite her pending appeal, which, we note, ultimately was unsuccessful. *See Black v. Robinson,* No. 5–01–0904 (Ill.App.Ct. Dec. 5, 2002) (unpublished order), *appeal denied,* 203 Ill.2d 543, 273 Ill.Dec. 136, 788 N.E.2d 727 (2003) (table of decisions).

In his brief Black asks us to sanction Robinson for filing her second frivolous appeal in this court concerning the fee dispute. We grant his request. As we stated in our previous decision, "[r]ather than attempting in good faith to demonstrate an abuse of discretion by the district court, Robinson has dissembled and distracted, wasting the time and resources of the court as well as the appellee. Her pursuit of this appeal epitomizes the type of vexatious, obstinate litigation that warrants sanctions under Federal Rule of Appellate Procedure 38." *Collins II,* 184 F.3d at 622. We view $2,500 as an appropriate sanction.

For these reasons, we AFFIRM the district court's judgment, and ORDER Robinson to pay $2,500 to Black.