**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2017[*]
Decided September 22, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-4139

| | |
|---|---|
| MICHAEL SOMMERFIELD, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | Nos. 16-C-808 & 16-C-827 |
| CITIGROUP GLOBAL MARKETS INC., et al., *Defendants-Appellees*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

Michael Sommerfield filed this tort action alleging that his mother, his uncle, and two banks cheated him out of his rightful share of assets distributed from a trust created by his grandmother. The district court dismissed the case, reasoning that Sommerfield's claims are barred by applicable statutes of limitations. Sommerfield appeals.

This litigation originated with separate suits filed in 2016, both alleging jurisdiction under the diversity statute. *See* 28 U.S.C. § 1332. The district court consolidated the suits. According to Sommerfield, his grandmother established an

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

irrevocable trust in 1968 to provide her with income during her lifetime. The corpus, including 25% to be divided among Sommerfield and his brothers, was to be distributed upon her death. Sommerfield says that in 1979 this trust held assets worth at least $30 million. Yet in 2008, after his grandmother's death, he received just $18,754. Sommerfield attributes this minimal distribution to a series of fraudulent transfers to his mother and uncle. He claims that each was dismayed at being a beneficiary of only 25 percent of the trust, so during their mother's lifetime they managed to loot 90% of the corpus with help from the trustee, Associated Trust Company, and its lawyer, David Timm. Sommerfield adds that Citigroup Global Markets also was complicit because it knowingly accepted deposits of looted funds.

That's the essence of Sommerfield's relevant allegations, which he had made unsuccessfully at least twelve times before in federal and state courts. The district judge understood his suit to raise claims of fraud, theft, and breach of fiduciary duty against Associated Trust, Citigroup, attorney Timm, Sommerfield's mother, and Sommerfield's uncle. The defendants moved to dismiss the action on multiple grounds, including that Sommerfield's claims are barred by the applicable 3- and 6-year statutes of limitation. *See* WIS. STAT. §§ 893.43, 893.51, 893.57, 893.93. The judge agreed, reasoning that Sommerfield's claims accrued in 2008 at the latest, 8 years before he filed suit. The judge also sanctioned Sommerfield because he had "persistently used the court system to harass these defendants through frivolous lawsuits, motions, and appeals."

On appeal, Sommerfield has not developed any challenge to the district court's reasoning or cited any legal authority. Instead he recounts his family history and repeats allegations from his complaints. We construe pro se filings liberally, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but we cannot find in Sommerfield's appellate brief any discussion of the judge's analysis or challenge to his decision. Even pro se litigants must comply with Federal Rule of Appellate Procedure 28(a)(8), *see id.* at 545–46, which requires that a brief contain a cogent argument with citations to authority. Although we "are generally disposed toward providing a litigant the benefit of appellate review," *id.* at 545, we will not craft arguments or conduct legal research on behalf of a litigant. Because Sommerfield has not presented an argument, we must dismiss his appeal.

Citigroup, Associated Trust, and attorney Timm all ask us to sanction Sommerfield for bringing this frivolous appeal. But only Citigroup has filed a separate motion, as required by Federal Rule of Appellate Procedure 38, and we are not persuaded to exercise or discretion to enforce rules strictly on behalf of parties who themselves ignore rules. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 671 (7th Cir. 2012). Citigroup asks us

to award it attorneys' fees and bar Sommerfield from filing future appeals. We agree with Citigroup that sanctions are warranted. Sommerfield has abused the judicial process through his persistent litigation—eight suits in federal court and four in the Wisconsin courts—surrounding the events underlying this action, and every one of those suits failed (indeed, we are not the first court to describe his submissions as frivolous). This appeal is more of the same, as the absence of a challenge to the district court's order makes apparent. *See Collins v. Educ. Therapy Ctr.*, 184 F.3d 617, 621–22 (7th Cir. 1999). Moreover, Sommerfield's brief is full of gratuitous accusations against nonparties. His obstinate refusal to accept defeat is intolerable, and we will not wait for a flood of litigation before curbing his abusive litigation. *See Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995).

Accordingly, we GRANT Citigroup's motion for sanctions to the extent of $5,000. In addition, IT IS ORDERED that the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by or on behalf of Michael Sommerfield in this or any of his pending cases in this court or the district courts unless and until he pays in full all court fees from all of his federal suits. *See In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). In any application to this court to have this order lifted, Sommerfield must provide (under oath) a complete list of all of his federal suits and proof that all court fees have been paid, in addition to the $5,000 sanction imposed here. In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186–87.

IT IS FURTHER ORDERED that Michael Sommerfield is authorized to submit to this court, no earlier than two years from the date of this order, a motion to modify or rescind this restriction on filings in federal courts.

DISMISSED.